UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JEFFERY BENJAMIN,

                              Plaintiff,

              v.

Dt 3 DELWAY, MICHAEL A., #4093;
COMMAND 295 of the 73rd NYPD Station;
Pom CELUS JERRY R., Police Officer, Shield
#24856,,

                              Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
23-CV-3126 (LDH) (RER)

LaSHANN DeARCY HALL, United States District Judge:

    Plaintiff Jeffery Benjamin, proceeding pro se, commenced this action pursuant to 42

U.S.C. § 1983, asserting claims for false arrest, false imprisonment, and malicious prosecution.

Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted.  For the

reasons discussed below, the complaint is dismissed, and Plaintiff is granted 30 days from the

date of this Order to submit an amended complaint.

## BACKGROUND

    Plaintiff alleges that he was falsely arrested on November 2, 2018, and arrested on

January 27, 2019.  (Compl. at 9–10, ECF No.1)  Plaintiff provides no additional facts in support

of his claims.  Plaintiff seeks monetary damages.

## STANDARD OF REVIEW

    A complaint must plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

1

defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a pro se complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a pro se complaint liberally").

Nevertheless, the Court is required to dismiss sua sponte an in forma pauperis action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires plaintiffs to "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted); *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. Feb. 15, 2019). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal,* 556 U.S. 678. (internal citations and alterations omitted).

2

Here, Plaintiff brings claims for false arrest, false imprisonment, and malicious prosecution but does not offer any facts to support those claims. Plaintiff provides only the dates of the alleged arrests. Nowhere in the Complaint does Plaintiff explicate the factual basis for his claims. Because Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Defendant's claims are dismissed. *Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

## LEAVE TO AMEND

In light of this Court's duty to liberally construe pro se complaints, the Court will allow Plaintiff 30 days leave to file an Amended Complaint in compliance with Rule 8(a) of the Federal Rules Civil Procedure. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Should Plaintiff elect to file an amended complaint, he is informed that the amended complaint must clearly state- (1) the date he was arrested and arraigned; (2) the date the charges against him terminated in his favor; and (3) whether he has a basis for equitable tolling of the limitations period, and, if so, what that basis is.

Plaintiff must also set forth the legal basis and factual allegations in a clear and concise manner for each defendant named, and only name defendants that were personally involved. The statement of facts should include a brief description of what each defendant did or failed to do, and how those acts or omissions caused Plaintiff injury. Plaintiff must also provide the dates and locations for each relevant event.

Plaintiff must identify the defendants in both the caption and the body of the Amended Complaint. Plaintiff is advised that any Amended Complaint he elects to file will completely replace, not supplement, the original complaint. The amended complaint must each be captioned as an "Amended Complaint" and bear the docket number assigned: 23-CV-3126 (LDH) (RER).

3

**CONCLUSION**

Accordingly, the Complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted 30 days leave from the date of this Memorandum and Order to file an Amended Complaint as detailed above.  Any amended complaint that Plaintiff elects to file will be reviewed for sufficiency. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If Plaintiff fails to amend the complaint within 30 days as directed by this Order, or cure the deficiencies discussed herein, judgment shall be entered.

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff, along with a civil rights complaint form.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      February 14, 2025

/s/ LDH          
LASHANN DEARCY HALL
United States District Judge