UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JEFFERY BENJAMIN,<br><br>                         Plaintiff,<br><br>            v.<br><br>Dt 3 DELWAY, MICHAEL A., #4093;<br>COMMAND 295 of the 73rd NYPD Station;<br>Pom CELUS JERRY R., Police Officer, Shield<br>#24856,<br><br>                         Defendants. | **MEMORANDUM AND ORDER**<br>23-CV-3126 (LDH) (RER) |

LaSHANN DeARCY HALL, United States District Judge:

Jeffery Benjamin, proceeding pro se, commenced this action pursuant to 42 U.S.C. §

1983, asserting claims for false arrest, false imprisonment, and malicious prosecution.  Plaintiff's

request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted.  For the reasons

discussed below, however, the Complaint is dismissed.  Plaintiff is granted 30 days from the date

of this Order to file any amended complaint.

## BACKGROUND

Plaintiff alleges that he was falsely arrested on November 2, 2018, and was again arrested

on January 27, 2019.  (Compl. at 9-10, ECF No. 1.)  However, Plaintiff does not provide any

other relevant facts in support of his claims.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its

face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

1

defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a pro se complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curium) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a pro se complaint liberally").

Nevertheless, the Court is required to dismiss sua sponte an in forma pauperis action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'"  *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, Plaintiffs are required to "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted); *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. Feb. 15, 2019).  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal,* 556 U.S. 678 (internal citations and alterations omitted).

Here, Plaintiff asserts claims for false arrest, false imprisonment, and malicious prosecution but does not offer any facts to support those claims. (*See* Compl.) Instead, Plaintiff merely provides the dates he was arrested. Because Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Plaintiff's claims are dismissed. *Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

### LEAVE TO AMEND

In light of this Court's duty to liberally construe pro se complaints, the Court will grant Plaintiff 30 days leave to file any amended complaint, which must comply with Rule 8(a) of the Federal Rules Civil Procedure. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). For example, Plaintiff must allege factual information in a clear and concise manner that explains what the named defendants did or failed to do, and how those acts or omissions caused Plaintiff injury upon which this Court can grant Plaintiff relief. When doing so, Plaintiff must also provide the dates and locations for each relevant event.

Plaintiff is advised that any amended complaint filed will completely replace, not supplement, the instant Complaint. As such, any amended complaint must be captioned as an "Amended Complaint" and bear the docket number assigned: 23-CV-3126 (LDH) (RER).

### CONCLUSION

The instant Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted 30 days leave from the date of this Memorandum and Order to file any amended complaint. No summons shall be issued at this time, and all further proceedings shall be STAYED for 30 days. If Plaintiff fails to amend the complaint within 30 days as directed by this Order, this case shall be dismissed, and judgment shall be entered. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in

3

forma pauperis status is denied for the purpose of any appeal. *Coppedge v. United States,* 369

U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to mail a copy of this

Memorandum and Order to Plaintiff, along with a civil rights complaint form.

SO ORDERED.

Dated: Brooklyn, New York  
     May 5, 2026

/s/ LDH_____  
LASHANN DEARCY HALL  
United States District Judge

4